UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CLARA LEWIS BROCKINGTON,  )<br>  )<br>          Plaintiff,  )<br>  )<br>          -vs-  )<br>  )<br>BETHEA BAPTIST RETIREMENT  )<br>COMMUNITY, JOHN MOORE, III,  )<br>MARTHA ANN ARANT, and BAPTIST  )<br>MINISTRIES FOR THE AGING,  )<br>  )<br>          Defendants.  )<br>_____ ) | Civil Action No.: 4:04-23042-RBH-TER<br><br>**REPORT AND<br>RECOMMENDATION** |

**PROCEDURAL HISTORY**

Plaintiff, proceeding pro se[1] and in forma pauperis, filed this action on November 19, 2004, alleging employment discrimination and retaliation on the basis of race, gender, and disability (Brockington II). Plaintiff previously filed a pro se action in this Court, Brockington v. Bethea Baptist, et al, Case. No. 4:04-cv-216-RBH-TER (Brockington I), on January 23, 2004, which named the same Defendants and alleged employment discrimination and retaliation on the basis of race, gender and disability. (Document # 1 in Brockington I). Defendants filed a Motion for Summary Judgment in Brockington I, and pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975),

---

[1] A pro se litigant's pleadings are accorded a liberal construction. Hughes v. Rowe, 449 U.S. 5, 66 L.Ed. 163, 101 S.Ct. 173 (1980); Haines v. Kerner, 404 U.S. 519, 30 L.Ed.2d 652, 97 S.Ct. 594 (1972); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, 449 U.S. 5, 66 L.Ed.2d 163, 101 S.Ct. 173 (1980)(per curiam). The mandated liberal construction means only that if the court can reasonably read the pleadings to state a claim on which Plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the Plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986).

Plaintiff was advised that a failure to adequately respond[2] to Defendants' Motion could result in dismissal of the case. (Documents # 37 and 39, respectively, in Brockington I). Plaintiff failed to respond. The undersigned subsequently filed a Report and Recommendation in Brockington I on January 30, 2006, recommending that the Court dismiss the action pursuant to Rule 41(b) for Plaintiff's failure to participate in the action, or, in the alternative, that Defendants' Motion for Summary Judgment be granted and the remaining cause of action (discrimination on the basis of disability) be consolidated with the present case. (Document # 44 in Brockington I).

After the Report and Recommendation was filed but prior to the District Judge entering an Order in Brockington I, Defendants filed a Motion for Summary Judgment (Document # 27)[3] in Brockington II on July 7, 2006. Plaintiff had by then retained counsel, who filed a Memorandum in Opposition to Defendant's Motion for Summary Judgment. (Document # 31). In the Memorandum, Plaintiff acknowledged that she cannot pursue a claim against the individual Defendants under Title VII and released them from the action. Id. Plaintiff also, without explanation, withdrew her claims for race discrimination and discrimination based upon a disability. Id. No action was taken by the Court as to Plaintiff's release of the individual defendants or as to her withdrawal of the two claims.

---

[2] The order states that failure "to respond adequately, the motion may be granted, thereby ending the case. Careful attention should be given to the requirements of Rule 56(e) concerning the necessity for affidavits . . . to be based upon personal knowledge, to contain facts admissible in evidence, and to be executed by a person who would be competent to testify as to matter contained in the affidavit if he or she was called to the witness stand . . . . submission of a brief . . . will not be sufficient alone to withstand a properly supported motion for summary judgment."

[3] Unless otherwise specified, all document references are to the documents filed in the present case, Brockington II.

Subsequently, on September 7, 2006, the District Judge issued an Order in Brockington I adopting the Report and Recommendation, granting Defendants' Motion for Summary Judgment, and directing that the remaining cause of action (discrimination on the basis of disability) be consolidated with the present case. (Document # 53 in Brockington I). The September 7, 2006, Order also directed the parties to supplement their briefs in the present case to address the discrimination disability claim within twenty days of the date of the Order. Id.

Both Plaintiff and Defendants supplemented their briefs as ordered by the District Judge. (Documents # 41 and 39, respectively). Plaintiff's supplemental brief provided, inter alia,

> [t]he attorneys for the Plaintiff are hereby filing a memorandum regarding disability discrimination pursuant to the Plaintiff, Clara Brockington's instructions and the Court's Order entered September 7, 2006, in Case No. 4:04-cv-0216-RBH-TER, even though the cause of action has been released by the Plaintiff in the memorandum in Opposition to Summary Judgment filed by the Plaintiff's attorneys in Document 31.

(Document # 41).

In light of the Court's ruling in Brockington I[4] and Plaintiff's assertions in both her Memorandum in Opposition to Defendants' Motion for Summary Judgment (Document # 31) and her supplemental Memorandum in Opposition to Defendants' Motion for Summary Judgment (Document # 41), the individual Defendants, John Moore, III, and Martha Ann Arant, should be dismissed from this action.[5] The merits of Plaintiff's claims for discrimination based upon race,

---

[4]See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once is sufficient.")

[5]The Fourth Circuit has clearly held that there is no individual liability in cases brought pursuant to the Title VII, Lissau v. Southern Food Service, Inc., 159 F.3d 177, 181 (4th Cir. 1998), or the ADA, Baird v. Baird, 192 F.3d 462, 472 (4th Cir. 1999).

gender (as alleged in Brockington II) and disability (as alleged in Brockington I and Brockington II) are discussed below.

## **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

*Factual History*

South Carolina Baptist Ministries for the Aging, Inc., (SCBMA) operates two separate facilities in South Carolina, one of which is the Bethea Baptist Retirement Community and Healthcare Center (Bethea Home). John Moore, III, (Moore) was the administrator of Bethea Home from approximately January 2002 until March 2004. Ex. A to Defendants' Motion. Martha Ann Arant was the Vice President of Clinical Services for Bethea Home and maintained the responsibility for oversight of healthcare services provided to residents of Bethea Home. Ex. B to Defendants' Motion.

Plaintiff was the Admissions Coordinator/Social Worker for Bethea Home for approximately four years and reported directly to Moore. Ex. 1 to Plaintiff's Response.[6] She was the only employee at Bethea Home in this position. Brockington Dep. at 32-34 (Ex. C to Defendants' Motion). Her responsibilities included the admission of residents to the skilled nursing facility and various social work activities with the facility residents. Ex. 1 to Plaintiff's Response.

Plaintiff filed a Charge of Discrimination with the South Carolina Human Affairs Commission (SHAC) and the Equal Employment Opportunity Commission on August 16, 2002, alleging discrimination on the basis of race. Ex. 7 to Brockington Dep. (Ex. C to Defendants'

---

[6]Throughout Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment, she cites to "*Ex. 5, Pl. Aff.*" However, Plaintiff's Affidavit is the only attachment to her Memoradum; thus, all references to Plaintiff's Affidavit in this Report and Recommendation will be as "Ex. 1 to Plaintiff's Response."

Motion).    The EEOC adopted the findings of SHAC and issued a "no cause" dismissal and right to sue on October 24, 2003.  Plaintiff then filed an action in this Court, Brockington I, alleging discrimination on the basis of race, gender, and disability.  As discussed above, the District Court granted Defendant's Motion for Summary Judgment and dismissed Plaintiff's causes of action for discrimination based on gender and race.  (Document # 53 in Brockington I).  The claim for discrimination based on disability was consolidated with this action.

After Plaintiff's first Charge of Discrimination was filed, she suffered job-related injuries to her head and left knee on October 3, 2002, and was placed on medical leave.  Ex. 1 to Plaintiff's Response.  When Plaintiff attempted to return to work in February or March of 2003, Moore requested doctor's excuses for the extended period of time that she was out of work.  Brockington Dep. at 94-95, 110-11 (Ex. C to Defendants' Motion); Moore Dep. at 40 (Ex. D to Defendants' Motion).  Moore requested doctor's excuses from Plaintiff because an employee of Bethea Home reported observing Plaintiff at a local high school football game shortly after her injury on October 3, 2002, Ex. F to Defendants' Motion, and Plaintiff also attended school during the time she was on leave from her job and was working in field placement in February and March of 2003 to complete requirements for her Master's degree.  Brockington Dep. at 17-19 (Ex. C to Defendants' Motion). Plaintiff failed to provide doctor's excuses to account for her absence from work and was not allowed to return to work.  Moore Dep. at 40 (Ex. D to Defendants' Motion).

Plaintiff subsequently requested unemployment benefits and listed SCBMA as a previous employer.  Ex. 30 to Moore Dep. (Ex. D to Defendants' Motion).  As a result of this action, Bethea Home considered Plaintiff to have voluntarily left her employment.  Ex. 27 to Moore Dep. (Ex. D to Defendants' Motion).

Thereafter, Plaintiff filed a second Charge of Discrimination with SHAC and the EEOC, in which she stated, <u>inter alia</u>, "I believe I have been discriminated against on the basis of my race (black), my medical condition, and in retaliation for my opposition to unlawful employment practices in violation of the South Carolina Human Affairs Law, as amended, Title VII of the Civil Rights Act of 1954, as amended, and the Americans with Disabilities Act of 1990, as amended." Ex. 15 to Brockington Dep. (Ex. C to Defendants' Motion).

***Summary Judgment Standard***

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. <u>Celotex</u>, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); <u>Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. <u>Shealy v. Winston</u>, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. <u>Barber v. Hosp. Corp. of Am.</u>, 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on

must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also Celetex Corp. v. Catrett, 477 U.S. 317, 324 (1986)(Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves").  To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings.  Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Celetex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

*Race/Gender Discrimination Claims*

As stated above, currently pending are Plaintiff's claims of disability discrimination from Brockington I and her claims of retaliation and discrimination based on race, gender, and disability from Brockington II.  There are two methods of proving a case of intentional discrimination under Title VII: the method set forth in Price Waterhouse v. Hopkins, 490 U.S. 228 (1989) (mixed-motive) and the method established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)(pretext).

Under the McDonnell Douglas[7] analysis, plaintiff has the initial burden of demonstrating a prima facie case of discrimination. To establish a prima facie case, plaintiff must show (1) she is a member of a protected class; (2) she was qualified for her job and her job performance was satisfactory; (3) she suffered an adverse employment action; and (4) other employees who are not members of the protected class were retained under apparently similar circumstances. Bryant v. Bell Atlantic Maryland, Inc., 288 F.3d 124, 133 (4th Cir. 2002). Under some circumstances, the fourth element can be established by presenting evidence raising an inference of discrimination. See Miles v. Dell, Inc., 429 F.3d 480, 486-87 (4th Cir. 2005); EEOC v. Sears Roebuck & Co., 243 F.3d 846, 851 n.2 (4th Cir. 2001)(citing Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981)). Once plaintiff has established a prima facie case, the burden shifts to the defendant to produce a legitimate, nondiscriminatory reason for the termination. Burdine, 450 U.S. at 254. This is merely a burden of production, not of persuasion. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993). Once the defendant has met its burden of production by producing its legitimate, nondiscriminatory reason, the sole remaining issue is "discrimination vel non." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 143 (2000)(citing Postal Service Bd. of Governors v. Aikens, 460 U.S. 711, 716 (1983)). In other words, the burden shifts back to the plaintiff to demonstrate by a preponderance of the evidence that the legitimate reason produced by the defendant is not its true reasons, but were pretext for discrimination. Reeves, 530 U.S. at 143. During all of the burden shifting scheme set forth in McDonald Douglas, the ultimate burden of proving that defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.

---

[7] The McDonnell Douglas analysis was refined in St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993), and Reeves v. Sanderson Plumbing Products, Inc., – U.S. –, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

Plaintiff may also proceed under the mixed-motive method of establishing intentional discrimination. Under this method, a plaintiff must present sufficient evidence, direct or circumstantial, that, despite the existence of legitimate, nondiscriminatory reasons for the adverse employment action, an illegal factor (i.e., race) was a motivating factor in the decision. Hill, 354 F.3d at 284-86. Plaintiff need not show race was the sole motivating factor but only that it was a motivating factor. Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003). The racial bias must come from a relevant decision maker.[8] Also, the protected trait "must have actually played a role in the employer's decision making process and had a determinative influence on the outcome." Hill, 354 F.3d at 286.

Regardless of which method is used to analyze the claim, plaintiff has the ultimate burden of presenting evidence from which a reasonable jury could conclude defendant intentionally discriminated against her based on her race or gender. It is not necessary to decide "whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination."[9] Hawkins v. Pepsico, 203 F.3d 274, 279 (4thCir. 2000)(quoting and citing DeJarnette v. Corning, Inc., 133 F.3d 293, 299(4th Cir. 1998); DeJarnette, 133 F.3d at 299 ("[T]his Court does not sit as a kind of super-personnel department weighing the prudence of employment decisions made by firms charged with employment discrimination ...." (internal quotation marks omitted));

---

[8] See Hill, 354 F.3d at 291 ("an employer will be liable not for the improperly motivated person who merely influences the decision, but for the person who in reality makes the decision.").

[9] "Proof that the employer's proffered reasons are unpersuasive, or even obviously contrived, . . . does not necessarily establish that [plaintiff's] proffered reason (race discrimination) . . . is correct." Reeves, 530 U.S. at 146-47. "It is not enough to disbelieve the [employer]." Love-Lane v. Martin, 355 F.3d 766, 788 (4th Cir. 2004). Plaintiff must show a reasonable jury could "believe [her] explanation of intentional race discrimination." Id.

Henson v. Liggett Group, Inc., 61 F.3d 270, 277 (4th Cir.1995) ("We have recognized the importance of giving an employer the latitude and autonomy to make business decisions, including workplace reorganization, as long as the employer does not violate the ADEA."); Jiminez v. Mary Washington College, 57 F.3d 369, 377 (4th Cir.1995) ("Title VII is not a vehicle for substituting the judgment of a court for that of the employer").  It is the perception of the employer that is critical. Hawkins, 203 F.3d at 280.  Even a reasoned decision based on incorrect facts is not evidence of pretext.  Pollard v. Rea Magnet Wire Co., 824 F.3d 557, 559 (7th Cir. 1987), cert. denied, 484 U.S. 977 (1987).

     Defendants assert that Plaintiff fails to establish a prima facie case of discrimination because she was not qualified for the position of Social Worker, which she held at Bethea Home prior to her injury.  Chapter 63 of Title 40 of the South Carolina Code was amended in 2002 to require an individual to be licensed in accordance with that chapter before the individual can hold herself out as practicing social work.  S.C. Code Ann. § 40-63-30(A).  Although Plaintiff held a Bachelor's Degree in social work and was working towards a Master's Degree in social work at the time she attempted to return to work, she was not licensed in the state of South Carolina as a social worker. Brockington Dep. at 24 (Ex. C to Defendants' Motion).  Therefore, Plaintiff was not qualified for the position of Social Worker because she was not licensed to hold such a position in the state of South Carolina.

     Plaintiff also fails to establish a prima facie case of discrimination because she has not presented any evidence that other employees who are not members of the protected class were retained under apparently similar circumstances.  Plaintiff failed to provide medical excuses for the extended period of time that she was out of work.  No evidence in the record exists to suggest that

Bethea Home retained any white employees or male employees who refused to provide medical excuses for their absences from work. Furthermore, Plaintiff has failed to produce evidence that any white employees or male employees who held the position of social worker were not licensed. Additionally, Plaintiff has failed to present evidence to satisfy the fourth prong of the prima facie case as set forth in Miles, 429 F.3d at 486-87.

However, even if Plaintiff has established a prima facie case of discrimination, Defendants have established several legitimate, non-discriminatory reasons for their actions, and Plaintiff has failed to present any evidence that Defendant's reasons are merely pretext for discrimination. As stated above, Plaintiff was not a licensed Social Worker and, thus, could not return to her position, and, even if Bethea Home could have allowed Plaintiff to return to another position, her refusal to submit doctor's excuses for her five or six months out of work is a legitimate reason for Defendants' refusal to allow her to come back to work. Plaintiff fails to present evidence sufficient to create an issue of fact as to pretext and no reasonable juror could conclude that Defendants discriminated against her on the basis of race or gender. Therefore, summary judgment is appropriate on Plaintiff's causes of action for discrimination based on gender and race.

***Disability Discrimination Claim (Americans with Disabilities Act)***

The Fourth Circuit has held that the causation and burden-shifting standards applicable in Title VII cases are also applicable in cases brought pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., "where the defendant disavows any reliance on discriminatory reasons for its adverse employment action." Ennis v. Nat'l Assoc. Of Business and Educ. Radio, 53 F.3d 55, 58 (4th Cir. 1995). To establish a prima facie case of discriminatory discharge under the ADA, a plaintiff must show that (1) she has a disability; (2) that she is a qualified individual; and

(3) that the employer discriminated against her because of her disability.  Martinson v. Kinney Shoe Corp., 104 F.3d 683,686 (4th Cir. 1997).

The ADA defines "disability" as a (A) a physical or mental impairment that substantially limits one or more of the major life activities of an individual, (B) being regarded as having such an impairment, or (C) having a record of such an impairment.  42 U.S.C. §12102(2); Haulbrook v. Michelin North America, Inc., 252 F.3d 696, 702-03 (4th Cir. 2001).

Plaintiff asserts that she suffered job-related injuries to her head and left knee on October 3, 2002, and was placed on medical leave until February or March of 2003.  To demonstrate that those injuries resulted in physical impairments that are substantially limiting, Plaintiff must show that she is significantly restricted in a major life activity.  Pollard v. High's of Baltimore, Inc., 281 F.3d 462, 467 (4th Cir. 2002).

> [I]n determining whether an impairment is substantially limiting, courts consider the "nature and severity of the impairment," the "duration or expected duration of the impairment," and the "permanent or long term impact" of the impairment. 29 C.F.R. § 1630.2(j)(2).[10] These factors indicate that a temporary impairment, such as recuperation from surgery, will generally not qualify as a disability under the ADA. See, e.g., 29 C.F.R. § 1630.2(j), app. at 353. An impairment simply cannot be a substantial limitation on a major life activity if it is expected to improve in a relatively short period of time.

Id. at 467-68.  In her second Charge of Discrimination[11], Plaintiff states that, following her job-related injury in October of 2002, her doctor released her to return to work in February of 2003, and

---

[10]EEOC regulations can be used as guidance in interpreting the ADA.  See Sutton v. United Airlines, Inc., 527 U.S. 471, 479-80. (1999).

[11]Plaintiff alleged only race discrimination in her first Charge of Discrimination filed with SCHAC and EEOC. Thus, Plaintiff's claim of disability discrimination as alleged in Brockington I is procedurally barred for Plaintiff's failure to exhaust her administrative remedies. See Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000); Chisholm v. United States Postal Serv., 665 F.2d 482, 491 (4th Cir. 1981).

she received a "full release statement" from her physician in June of 2003. Therefore, any impairment Plaintiff had as a result of the injuries she suffered in October of 2002 was temporary, and thus, does not qualify as a disability under the ADA. In addition, even if Plaintiff did suffer from an impairment, she has failed to set forth evidence that she was substantially limited in any major life activity. In fact, Plaintiff states in her supplemental Memorandum in Opposition to Defendants' Motion for Summary Judgment (Document # 41) that she "possessed a physical impairment that did not limit her major life activities but her employer treated her as disabled when it did not permit her to return to her position as social worker because of the use of a cane."

Plaintiff can still be "disabled" for ADA purposes even without a physical impairment if she is "regarded as" having a disability. An individual may be "regarded as" disabled if either "(1) a covered entity mistakenly believes that [one] has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." Haulbrook, 252 F.3d at 703 (citing Sutton, 527 U.S. at 489).

According to Plaintiff, she notified Defendants in February of 2003 that she could return to work but had to use a cane. However, "[t]he fact that an employer is aware of an employee's impairment, without more, is insufficient to demonstrate either that the employer regarded the employee as disabled or that a perception caused the adverse employment action." Haulbrook, 252 F.3d at 703 (internal quotation and citation omitted). Plaintiff states in her supplemental Memorandum in Opposition to Defendants' Motion for Summary Judgment (Document # 41) that she "was instructed that she could not return to work until such time as she could walk without a cane due to her knee injury." She asserts that she informed Defendants that she could return to work

-13-

in February of 2003, and she had a "full release statement" from her physician in June of 2003. As stated above, Defendants maintain that they declined to allowed her to return to work until she produced medical excuses for the extended period of time she was out of work, which she failed to do. Viewing the facts in a light extremely favorable to Plaintiff, an issue of fact may exist as to whether Defendants regarded her as having a disability. As such, Plaintiff would satisfy the first prong of a prima facie case, that is, that she has a disability.

Nevertheless, Plaintiff fails to met the second prong of the prima facie case because she cannot show that she was a "qualified individual." A "qualified individual" is defined as "an individual who, with or without reasonable accommodations, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). As discussed above, Plaintiff did not possess the necessary licensure to hold the position of social worker. Therefore, she was not a qualified individual.

Because Plaintiff has failed to establish the second element of a prima facie case of disability discrimination, summary judgment is appropriate on Plaintiff's ADA claim.[12]

*Retaliation Claim*

42 U.S.C. §2000e-3(a) provides, in relevant part, as follows:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

---

[12]Even assuming, arguendo, that Plaintiff has established a prima facie case, as discussed above and below, Defendants have produced legitimate, nondiscriminatory reasons for Plaintiff's termination and Plaintiff has failed to make a sufficient showing of pretext to defeat Defendant's motion.

To prove a claim for retaliation under Title VII, a plaintiff must show (1) she engaged in protected activity, (2) the employer took adverse employment action against her, and (3) a causal connection existed between the protected activity and the adverse action. Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985). In order to establish the requisite causal connection, plaintiff must proffer evidence which establishes that she would not have been terminated but for her protected activity. Hopkins v. Baltimore Gas & Electric Co., 77 F.3d 745, 755 (4th Cir. 1996).

To establish "protected activity" plaintiff must show that she opposed an unlawful employment practice which she reasonably believed had occurred or was occurring. Bigge v. Albertsons, Inc., 894 F.2d 1497, 1503 (11th Cir.1990); see also Ross, 759 F.2d at 355 n. 1 (stating that a Title VII oppositional retaliation claimant need not show that the underlying claim of discrimination was in fact meritorious in order to prevail). "The inquiry is therefore (1) whether [plaintiff] 'subjectively (that is, in good faith) believed' that the [defendant] had engaged in [an illegal practice], and (2) whether this belief 'was objectively reasonable in light of the facts,' a standard which we will refer to as one of 'reasonable belief.'" Peters v. Jenney, 327 F.3d 307 (4th Cir. 2003)(citing Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1312 (11th Cir.2002)).

Plaintiff meets the first two elements of a prima facie case of retaliation: she engaged in protected activity by filing the August 16, 2002, Charge of Discrimination, and she suffered an adverse employment action when she was not allowed to return to her position at Bethea Home. In her memorandum, Plaintiff addresses the causal connection element as follows, "[i]n retaliation cases, the timing, or close proximity in time between the Plaintiff's protected act and the adverse employment action is sufficient evidence of a causal connection to make a prima facie case. In the

Plaintiff's case, she has retaliated against [sic] for her report of discrimination." Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment at 10 (internal citations omitted).

In general, the passage of time alone cannot provide proof of causation unless the time between the protected activity and the adverse employment action was "very close." Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273-74 (2001). Although Clark does not establish the outer boundaries for when temporal proximity should be considered "very close," it does cite examples of cases where three and four months between the protected activity and the adverse employment action were insufficient to alone establish causation as a result of temporal proximity. Id. Plaintiff filed her first Charge of Discrimination on August 16, 2002. She testified that she attempted to return to her position at Bethea Home in either February or March of 2003. Even assuming Plaintiff attempted to return to work in the beginning of February of 2003, five and a half months would have passed since she filed her Discrimination charge. Therefore, Plaintiff cannot establish a causal connection based on temporal proximity alone. Subsequent to filing her first Charge of Discrimination, she was injured and remained out of work for approximately five or six months. She was seen at a football game and required to produce medical excuses for her absence, which she failed to do. In essence, Plaintiff relies solely on the fact that she filed a charge and was terminated five or six months later. Plaintiff offers insufficient evidence to support a causal connection between the protected activity and the adverse employment action. Therefore, she fails to establish a prima facie case of retaliatory discharge.

Even if Plaintiff can establish a prima facie case, Defendants have produced legitimate, non-discriminatory (retaliatory) reasons for not allowing Plaintiff to return to her position at Bethea

Home. As stated above, Plaintiff was not licensed as a social worker and, thus, could not return to that position at Bethea Home. Additionally, Plaintiff was out of work for an extended period of time and failed to provide Moore with a doctor's excuse as he requested. As a result, she was not allowed to return to Bethea Home in any position. Furthermore, Plaintiff has failed to present any evidence that would suggest that the reasons set forth by Defendants for her termination are false and that the true reason for her dismissal was the fact that she filed a discrimination complaint. Consequently, summary judgment is appropriate on Plaintiff's claim of retaliatory discharge.

Regardless of what method is used to analyze these claims, Plaintiff has the ultimate burden of presenting evidence from which a reasonable jury could conclude Defendants intentionally retaliated against her or discriminated against her based on her race, gender or disability. Plaintiff has failed to do so.

For the foregoing reasons, it is recommended that Defendant's Motion for Summary Judgment (Document # 27) be granted and Plaintiff's claims dismissed, including discrimination based upon disability (Brockington I), discrimination based upon race, gender and disability, and retaliation (Brockington II), as well as all claims against the individual Defendants. Accordingly, Plaintiff's case should be dismissed in its entirety.

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

January 26, 2007  
Florence, South Carolina

**The parties' attention is directed to the important notice contained of the following page.**