UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Clara Lewis Brockington, | ) | Civil Action No.: 4:04-23042-RBH |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **O R D E R** |
| Bethea Baptist Retirement | ) | |
| Community, John Moore, III, | ) | |
| Martha Ann Arant, and Baptist | ) | |
| Ministries for the Aging, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is the motion by the defendants for summary judgment.

**Background Facts and Theories of Case**

This is an employment discrimination case arising from the alleged termination of the plaintiff ("Brockington") from her employment with the defendant, Bethea Baptist Retirement Home ("Bethea"). Brockington was employed at Bethea for about four years as the admissions coordinator and social worker.

On August 16, 2002, after receiving three notices from Bethea of unsatisfactory work performance, Brockington filed a Charge of Discrimination with the South Carolina Human Affairs Commission (SHAC) on the basis of race.[1] On October 3, 2002, Brockington was injured at work and was placed on medical leave. Plaintiff testified in her deposition that she attended graduate school while on leave and also worked in field placement in February and March of 2003 in connection with

---

[1] The charge was dismissed for no cause and a right to sue letter issued on October 24, 2003.

1

seeking a Master's degree in Social Work.  However, she admitted that she did not seek a license in

social work. (Depo., p. 24).

Brockington attempted to return to work in February or March of 2003, and was informed that

she must provide medical excuses for the four to five month period during which she was not at work.

Defendant Moore, Bethea's administrator, testified that Brockington failed to provide doctor's excuses

and was thus not allowed to return to work.  Plaintiff states that she again attempted to return to work

in May or June of 2003 and that she faxed a release from her doctor stating that she could return to

work with a cane.  However,  Brockington has not provided this Court with a copy of the doctor's

statement to which she refers or with any other doctor's excuses.  Plaintiff testified in her deposition,

portions of which were provided to the Court by the defendants, that she did not have her records

regarding these doctor's excuses.  Her affidavit and memorandum of law are the only materials filed

with this Court in opposition to the motion for summary judgment.

Plaintiff filed a second charge with SHAC on October 10, 2003, on the basis of race and

disability discrimination and retaliation.  She alleged:

> (A) Following medical leave from October 3, 2002 through February 17, 2003, my
> doctor released me to return to work with restrictions.  I was able to perform the
> essential functions of my job with reasonable accommodation.  (B) Mr. Moore has
> continually refused to let me return to work, even though I submitted a full release
> statement from my physician at or about June 9, 2003.  I had previously filed a charge
> of discrimination on August 19, 2002 . . . which I believe to be a factor for the treatment
> to which I have been subjected.  Furthermore, I was replaced with a white female.

By letter dated October 13, 2003, Bethea's Administrator, defendant John Moore, responded

to a letter from Brockington dated October 3, 2003, inquiring as to her status with Bethea.  Moore's

letter states, "since you did not return to work after a release by your treating physician and have not

provided physician statements to cover your absences from work for approximately the last eleven

months, we consider you to have voluntarily quit your job."

After receiving right to sue notices from SHAC and EEOC as to her initial charge, the plaintiff filed an action, *pro se*, in this court on January 23, 2004, case #4:04-216 (Brockington I), alleging discrimination based on race, gender, disability, and retaliation.  This Court issued an order granting the defendants' motion for summary judgment as to the plaintiff's claims for racial and gender discrimination and retaliation on the basis that plaintiff did not make a sufficient showing of genuine issues of material fact.  The defendants in Brockington I did not move for summary judgment on the cause of action under the Americans with Disabilities Act.  This Court accordingly allowed the plaintiff's claim for disability discrimination to be consolidated with the instant action, which was already pending, in which the plaintiff alleged that she was terminated on the basis of her race in violation of Title VII and in retaliation for filing charges with SHAC and EEOC.  Defendants now move pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on the basis that there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law.

### Legal Standard on Motion for Summary Judgment

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate.  *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991).  The facts and inferences to be drawn from the

3

evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.,* quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

In this case, the defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick County Commrs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)). If the defendant carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." *Id*. at 718-19 (citing *Anderson*, 477 U.S. at 247-48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment. *Id*. and *Doyle v. Sentry, Insurance Inc.*, 877 F. Supp. 1002, 1005 (E.D. Va 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits (*see* Fed. R. Civ. P. 56(e)), depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Baber*, 977 F.2d 872, citing *Celotex Corp.*, *supra*.

## Discussion

### *Title VII Discrimination Based upon Race*

In the case at bar, the Magistrate Judge recommended a finding that the plaintiff has failed to satisfy her *prima facie* case of racial discrimination and that, even if she has done so, she has not proved that the reasons offered by the employer for her alleged discharge were pretextual. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S.

4

133 (2000); *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).

The plaintiff has not filed specific objections to the recommendations of the Magistrate Judge regarding her allegations of Title VII race discrimination. The specificity requirement is outlined in Rule 72(b) of the Federal Rules of Civil Procedure.[2]  Without specific objection to the Magistrate Judge's reasoning, the court will not discuss the conclusion reached by the Magistrate Judge any further.  See 28 U.S.C. § 636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added); *see also Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review).  Plaintiff has not objected with specificity to these recommendations.  Therefore, the Court adopts the portion of the Report which recommends granting the defendants' motion for summary judgment as to the cause of action for racial discrimination under Title VII.

As an additional ground for this Court's decision, the Court notes that the plaintiff withdrew this claim in her memorandum in opposition to motion for summary judgment, document #31.

Moreover, the Court finds that the plaintiff cannot prevail on this claim for the reasons given by

---

[2]  Rule 72(b) states:

> Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule**.

Fed.R.Civ.P. 72(b) (emphasis added).

the Magistrate Judge.  Even viewed in the light most favorable to the plaintiff, no reasonable jury could determine that racial discrimination was the reason for the defendants' actions.

### *Violation of ADA*

To establish a *prima facie* case of wrongful discharge on the basis of the Americans with Disabilities Act, a plaintiff must show by a preponderance of the evidence that (1) she is within the ADA's protected class; (2) she was discharged; (3) at the time of her discharge, she was performing the job at a level that met the employer's legitimate expectations; and (4) her discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. *Haulbrook v. Michelin N. Am., Inc.*, 252 F.3d 696, 702 (4th Cir. 2001).  To establish a prima facie case for failure to accommodate, an employee must show:  (1)she was an individual with a disability within the meaning of the ADA; (2) the employer had notice of her disability; (3) with reasonable accommodation, she could perform the essential functions of the position; and (4) the employer refused to make such accommodations. *Rhoads v.FDIC*, 257 F.3d 373, 387 n.11 (4th Cir. 2001) *cert. denied*, 535 U.S. 933 (2002). The applicable regulations provide that a person has a covered disability under the ADA if she has one of the following:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment.

42 U.S.C. §12102(2).

> "Physical or mental impairment" is defined as:
>
> (1) Any physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin, and endocrine; or
> (2) Any mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities.

29 CFR 1630.2(h) (emphasis added)

The regulations also define the term, "Major Life Activity." "Major Life Activities means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Id*. at (I). The phrase "major life activities" refers to "those activities that are of central importance to daily life," *Toyota Motor Manufacturing, Kentucky, Inc., v. Williams*, 534 U.S. 184, 197 (2002), and "that the average person in the general population can perform with little or no difficulty," *Pack v. Kmart Corp*., 166 F.3d 1300, 1305 (10th Cir.1999); *accord, EEOC v. Sara Lee Corp*, 237 F.3d 349, 352-53 (4th Cir. 2001). An impairment's impact on a major life activity must be "permanent or long-term." *Toyota Motor*, 534 U.S. at 198.

The Magistrate Judge recommended a finding that the plaintiff has adduced evidence sufficient to withstand a motion for summary judgment that the defendant regarded her as having an impairment that substantially limits one or more major life activities pursuant to 42 U.S.C. §12102(2)(C). However, the Magistrate Judge recommended a finding that Brockington has not proved the second element of her *prima facie* case, as she is not a "qualified individual with a disability" since she was not a licensed social worker. Regarding the requirement of a license for social work, the South Carolina Code was amended effective March 12, 2002 to prohibit individuals from holding themselves out to be practicing social work unless they obtain a license. S.C. Code Ann. § 40-63-30(A) (2002).    The Magistrate Judge also recommended a finding that the plaintiff has failed to make a sufficient showing of pretext to defeat a motion for summary judgment.

The plaintiff appears to have abandoned her disability claim in her summary judgment memorandum [docket # 31] as discussed above[3]; however, due to the procedural confusion regarding the

[3] Plaintiff also indicated that she had released the disability discrimination claim in docket #41, Memorandum in Opposition to Motion for Summary Judgment.

7

claim, the Court will address the plaintiff's objections to the Magistrate Judge's recommendations as to the ADA.   Most of the plaintiff's assertions in her objections relate to her argument that she was "regarded as" being disabled, although the Magistrate Judge in fact found sufficient evidence for the plaintiff to go forward on that point.  Regarding the matter of the plaintiff's lack of a social work license, the plaintiff merely states in a conclusory manner that she has "presented a genuine issue of material fact whether there is any evidence on whether or not the Defendant was to handle the Plaintiff's licensure as represented to her.  The Plaintiff has also presented genuine issue of material fact whether the Plaintiff was qualified for the position."

The plaintiff has not pointed the Court to any evidence to support her self-serving allegations that Bethea was to handle the licensure or that the plaintiff was somehow qualified for the position.  Nor does her affidavit presented in opposition to the motion for summary judgment contain any such allegations.[4] Plaintiff must show more than a scintilla of evidence in order to withstand summary judgment.  *Celotex*, 477 U.S. at 322-323.

Moreover, the plaintiff's second charge of discrimination filed with SHAC and EEOC alleges regarding her disability claim that the administrator told her that she "could return to work after the doctor released [her] without any restrictions" and that he refused to allow her to return "even though [she] submitted a full release statement from [her] physician at or about **June 9, 2003.**" (emphasis added). It is uncontroverted, however, that the plaintiff did not produce in this litigation copies of any doctor's excuses whatsoever or the alleged release by the doctor for her to return to work.  A letter to the plaintiff from the South Carolina Department of Labor, Licensing, and Regulation, with a copy to Bethea, dated

---

[4] Even if the plaintiff's affidavit had made such allegations, they would not be sufficient alone to withstand summary judgment.  A party's own self-serving affidavit containing conclusory allegations and speculation is not sufficient to withstand summary judgment.  *National Enterprises, Inc. v. Barnes*, 201 F.3d 331, 335 (4th Cir. 2000).

**March 18, 2003** was also introduced into evidence.  This letter states that plaintiff has misrepresented

herself as a licensed master social worker and prohibits her from engaging in such illegal conduct in the

future.  Therefore, Bethea was on notice at the time the plaintiff alleges she was finally released from her

doctor that she was not licensed as required by South Carolina law.  Since the law requiring licensure was

effective in March of 2002, the law was in effect during the entire time that  the plaintiff contends she

had attempted to return to work.  Additionally, the plaintiff testified in her deposition:

> Q.  After your worker's comp injury, and after you were told that you were no longer
> licensed, **did you seek registration as a social worker**?
> A**.  I don't recall doing that**, no.

(Plaintiff's deposition, page 24) (emphasis added).

The record also contains a letter from Bethea to the plaintiff dated October 13, 2003, stating:

> I am in receipt of your letter dated October 6, 2003 inquiring into your status at Bethea
> Home.  Since you did not return to work after a release by your're (sic) treating physician
> and have not provided physician statements to cover your absences from work for
> approximately the last eleven months, we consider you to have voluntarily quit your job.
> This resolution of your status is reinforced by your having filed for unemployment
> compensation.

The above evidence leads the Court to but one conclusion that, even assuming *arguendo* that  the

plaintiff satisfied her *prima facie* case under the ADA, then she still fails to meet her burden.

In conclusion, the Court finds that the plaintiff has abandoned her ADA claim, either in  her

memoranda in opposition to motion for summary judgment, or by failing to file specific objections to the

Magistrate's Report.  Moreover, the Court has reviewed the reasoning of the Magistrate Judge as to the

ADA and finds that summary judgment should be granted to the defendants on the ADA claim for the

reasons given by the Magistrate Judge.

### *Retaliation under Title VII*

In order to establish a *prima facie* case of Title VII retaliation, a plaintiff must prove that she

engaged in a protected activity, that an adverse employment action occurred against her, and that there

was a causal link between the protected activity and the adverse employment action. *Mackey v. Shalala*,

360 F.3d 463, 469 (4th Cir. 2004). The Magistrate Judge recommended a finding that the plaintiff's

evidence creates a jury issue as to the first two prongs of the *prima facie* case of retaliation, in that she

engaged in protected activity and suffered an adverse employment action. However, he indicated that

there was insufficient evidence of a causal connection between the protected activity and the adverse

employment action.    In addition, he recommended a finding that the plaintiff has failed to adduce

evidence that the reasons set forth by the defendants are false and that the true reason for her termination

was the filing of the administrative complaints.

The plaintiff contends in her objections that the "close proximity in time between the protected

act and the adverse employment action is sufficient evidence of causal connection to make a *prima facie*

case."   However, "in order to prove a causal connection based on temporal proximity *alone*, the time

between the protected activity and adverse employment action must be 'very close.'" *Clark County Sch.*

*Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001), citing *Richmond v. ONEOK, Inc*., 120  F.3d 205, 209

(10th Cir. 1997) (three-month period insufficient); *Hughes v. Derwinski*, 967 F.2d 1168, 1174-1175 (7th

Cir. 1992) (four-month period insufficient).  In the case at bar, the plaintiff alleges in her affidavit that

her protected act occurred on August 16, 2002 and the earliest dates that she was not allowed to return

to work were in February or March of 2003.  This period of approximately six months would not, in the

Court's opinion, be sufficiently close in time, in and of itself, to prove a causal connection.

The plaintiff has also alleged in support of a causal connection between the alleged discharge and

her protected activity a contention that the defendants offered to allow her to return to work "if I dropped

the charges against the Defendant with the SCHAC and EEOC."  This statement was made in an affidavit

of the plaintiff given several months after her deposition was taken.  In her deposition, she testified "Mr.

10

Moore told me if I dropped the charges–he said, if I drop all charges that you would work out a settlement with me." The defendant denies making this statement.  The Court does not believe that this self-serving evidence of retaliation is sufficient for the plaintiff to meet her *prima facie* case of causation.

Assuming arguendo that the plaintiff has sufficient proof for a *prima facie* case, she has failed to prove that the reasons articulated by the employer are pretextual, given that the plaintiff was not a licensed social worker at the time of her alleged discharge as discussed above, and she has failed to produce any evidence of doctor's excuses that she provided to her employer to excuse her extended absence from work.  "[T]he defendant-employer has an opportunity to present a legitimate, non-discriminatory reason for its employment action.  If the employer does so, the presumption of unlawful discrimination created by the prima facie case 'drops out of the picture' and the burden shifts back to the employee to show that the given reason was just a pretext for discrimination."  Settle v. Baltimore County, 34 F.Supp. 2d 969, 991 (D.Md. 1999).  In the case at bar, the plaintiff has failed to meet her burden.

### Conclusion

For the foregoing reasons, the undersigned overrules all objections, adopts the Report and Recommendation and **GRANTS** the defendants' motion for summary judgment.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

March 21, 2007
Florence, South Carolina

11